Kevin **BRUNSON**, Eunice Caro and Clifton Spann, on behalf of themselves and all other similarly situated, Plaintiff,

v.

**LOUISIANA–PACIFIC CORPORATION** and ABT Building Products Corporation, a/k/a ABTco, Defendants.

C/A No. 2:07–cv–3186–RMG.

United States District Court, D. South Carolina, Charleston Division.

March 4, 2011.

C. Allen Gibson, Jr., James E. Weatherholtz, Buist Moore Smythe McGee PA, for Defendants.

Paul A. Dominick, Nexsen Pruet, LLC, Justin O. Lucey, Justin O'Toole Lucey, PA, for Plaintiffs and Class Members.

---

**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**

RICHARD MARK GERGEL, District Judge.

On November 23, 2010, this Court entered an Order Preliminarily Approving Class Settlement, Approving Notice Program and Setting Fairness Hearing (the "Preliminary Approval Order"). The Preliminary Approval Order granted preliminary approval of a proposed Class Action Settlement Agreement (the "Settlement")[1] between Plaintiffs, the Class Members, and Defendants Louisiana–Pacific Corporation and ABT Building Products Corporation a/k/a ABTco (collectively "Defendants").

A hearing on Final Approval of the Settlement was duly held on March 4, 2011. Having read and considered the documents, papers, and evidence submitted in this matter, and having conducted a hearing regarding the matters set forth herein, and good cause appearing, the Court now finds and orders as follows:

*FINDINGS*

**I. THE NOTICE PROGRAM AS IMPLEMENTED COMPLIES WITH DUE PROCESS AND BINDS ALL CLASS MEMBERS**

■ The Court finds that the Notice Program conducted by the Parties provided individual notice to all known Class Members and all Class Members who could be identified through reasonable efforts and constitutes the best notice practicable under the circumstances of this Action, meeting or exceeding all applicable requirements of Federal Rule of Civil Pro-

---

1. All capitalized terms in this Order shall have the meanings defined for them in the Settlement.

cedure 23, the United States Constitution (including the Due Process Clause), the South Carolina Constitution, South Carolina Rule of Civil Procedure 23, and any other applicable law. This finding is based on the evidence of the adequacy of the notice program. Notice of the Settlement was given to the Class in accordance with the Preliminary Approval Order, including direct mail notice and publication. The Court also finds that the Long Form Settlement Notice and the Settlement Notice provided class members with accurate, fair and reasonable information regarding the Action and the Settlement. The form and manner of notice were the best practicable notice to members of the Class and the form and manner of notice satisfy due process.

## II. THE SETTLEMENT MEETS ALL OF THE CRITERIA FOR FINAL APPROVAL

■ The decision to grant final approval of a class action settlement involves the Court's consideration of several factors, including: (1) the amount offered in settlement; (2) the risks inherent in continued litigation; (3) the extent of discovery completed and the stage of the proceeding when the settlement was reached; (4) the risk, complexity, expense, and likely duration of the litigation absent settlement; (5) the experience and views of class counsel; and (6) the response of Class Members to the Settlement. The Court finds that the relevant criteria support final approval of the settlement.

### A. The Benefits of the Settlement to the Class Members

■ Under the Settlement, a Class Member will have an opportunity to make a Claim for any TrimBoard that has experienced Damage on his or her home. Class Members making Claims will receive a free inspection of TrimBoard by a Claims Inspector. For any TrimBoard

with Damage, the Settlement Agreement provides a remedy including cash payments. The Settlement Agreement provides a mechanism to resolve disputes between the parties and well-defined rights and obligations to help avoid conflict. The Settlement thus provides substantial benefits for Class Members.

### B. The Risks of Continued Litigation and the Strength of Plaintiffs' Case

■ In assessing this factor, the Court weighs the immediacy and certainty of substantial settlement proceedings against the risks inherent in continued litigation. See Manual for Complex Litigation, Fourth § 21.62 (2004). This factor strongly supports final approval. The Settlement affords the Class Members prompt and substantial relief in light of the significant legal and factual hurdles that otherwise may have prevented any recovery from Defendants. In contrast, continued litigation risks the possibility of little or no recovery for Plaintiffs. Defendants have challenged certification of a litigation class, and they contest liability and deny all allegations that their Trim-Board is defective in any respect.

### C. The Settlement Was Reached Following Substantial Discovery and Litigation

■ Plaintiffs filed this action on September 20, 2007. From that time, as well as during previously-filed litigation in a related matter, Class Members and Defendants engaged in litigation for more than two years, including extensive written discovery, depositions of fact and expert witnesses, destructive testing, and motions practice. By the time the parties reached a settlement, they had sufficient information to assess the strengths and weaknesses of their respective cases, and Class Counsel in particular had a very high level

of familiarity with the legal and factual issues which enabled them to make a thorough appraisal of the adequacy of the Settlement to provide meaningful relief to the class.

### D. *The Risk, Complexity, Expense, and Expected Duration of Continued Litigation*

■ In assessing the fairness of the Settlement, the Court considers the risk, complexity, expense, and likely duration of the litigation had a settlement not been reached. The Court weighs the settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial, *See Young v. Katz,* 447 F.2d 431, 433–34 (5th Cir.1971). The Settlement affords a substantial and immediate remedy for the Class Members while obviating the need for further expensive and time-consuming discovery and motion practice; a lengthy, uncertain and expensive trial; and appeals on numerous complex legal and factual issues.

### E. *The Experience and Views of Counsel*

■ In assessing a proposed class action settlement "a presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." Newberg & Conte, Newberg on Class Actions (3d ed. 1992) § 11.41.

■ This action has been prosecuted by counsel with substantial experience and competence in products liability actions and class actions. Settlement discussions took place in numerous separate sessions before this Court. Class Counsel's support for the Settlement as being fair, reasonable and adequate, and in the best in-terests of the Class Members as a whole, is entitled to significant weight. Moreover, given that settlement was reached in the months before trial and after substantial litigation of the matter, both in the present case and in previously-filed but related litigation, the results of investigation and discovery in the case were certainly sufficient to allow Class Counsel to act intelligently and to demonstrate that the settlement was reached through significant arm's-length negotiations.

### F. *Class Members' Reaction*

■ According to the Preliminary Approval Order, Class Members who oppose the approval of this Settlement had until February 18, 2011 to file a written notice of objection with the Court, Class Counsel and Defendants' Counsel. The Court and Counsel received no written notices of objection, and no objectors appeared at the Fairness Hearing on March 4, 2011. The Court finds that the lack of opposition to the Settlement indicates that the Settlement is fair, adequate and reasonable,

### G. *Absence of Collusion*

■ Given the extended discovery and arm's-length negotiations in reaching this Settlement, the Court finds the presence of good faith and the absence of collusion. There are no grounds to doubt the fairness nor are there other obvious deficiencies in the Settlement, such as unduly preferential treatment of Plaintiffs or of segments of the class, or excessive compensation for attorneys, and the Settlement is well within the range of final approval.

### FINAL SETTLEMENT APPROVAL AND FINAL JUDGMENT

Based on the foregoing,

IT IS HEREBY ADJUDGED, ORDERED AND DECREED that:

1. This Court has jurisdiction over the Settled Claims and the claims asserted in this proceeding, personal jurisdiction over the Class Members, and subject matter jurisdiction to approve the Settlement. This Court having found that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement and the Class Members as defined in the Settlement, the Court grants certification of the Class for settlement purposes and supersedes its Order of February 8, 2010, 266 F.R.D. 112 (D.S.C.2010), which certified a litigation class.

2. Notice given to the Class was reasonably calculated under the circumstances to apprise Class Members of all material elements of the Settlement and their opportunity to object to, or to comment on, the Settlement and to appear at the Fairness Hearing. Notice to the Class Members was the best notice practicable under the circumstances and complied fully with the laws of the State of South Carolina, the Federal Rules of Civil Procedure, the U.S. Constitution and South Carolina Constitution, and all applicable Rules of Court. Accordingly, the Court determines that all Class Members are bound by this Judgment.

3. The Court hereby grants final approval to the Settlement and finds that it is fair, adequate, reasonable and in the best interests of the Class Members. Judgment is hereby entered in accordance with the terms of this Judgment and the Settlement.

4. All Class Members have released and forever discharged the Settled Claims. All Class Members are permanently barred and permanently enjoined from asserting or prosecuting the Settled Claims.

5. The Court approves a payment of a $5,000 stipend each to Kevin Brunson, Eunice Caro and Clifton Spann, respectively.

6. The Court hereby authorizes Class Counsel to take 1/3rd of each Class Member's recovery as a fee in this case, such fee to be collected out of the Settlement Payment Amount as each Claim is paid under the Settlement, The Court hereby finds this award of fees is fair and reasonable and does not in any way undermine the fairness of the Settlement.

7. Without affecting the finality of this Judgment, the Court shall retain exclusive and continuing jurisdiction over this Action and the Parties to it, including all Class Members, to the full extent necessary to enforce the Settlement.

8. The Settlement is expressly incorporated herein by this reference, and will have the full force and effect of an order of this Court. The parties shall consummate the Settlement according to its terms.

IT IS SO ORDERED.